UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WILDEARTH GUARDIANS**,

      **Plaintiff,**

    v.

**UNITED STATES BUREAU
OF LAND MANAGEMENT,**
*et al.*,

      **Defendants.**

Case No. 19-cv-2974 (CRC)

## JOINT STATUS REPORT

Pursuant to the Court's order dated July 16, 2020, the parties, through undersigned counsel, submit this Joint Status Report to advise the Court as follows:

### BACKGROUND

1.    The Complaint in this action was filed under the Freedom of Information Act ("FOIA") on October 3, 2019. Defendants the United States Bureau of Land Management ("BLM" or "BLM FOIA") and the United States Department of the Interior ("DOI") answered the Complaint on November 14, 2019.

2.    The case concerns two FOIA requests: (1) one submitted to the Washington, D.C. office of BLM ("BLM Request"), and (2) one submitted to the Department of the Interior's Office of the Secretary ("OS Request").

3.    Both requests seek "[a]ny and all records related to or concerning the Carlsbad Resource Management Plan for the Carlsbad Field Office which have been created, received, and/or transmitted by the DOI Office of the Secretary since January 1, 2011." Compl. ¶ 10.

**STATUS OF BLM REQUEST**

4.    In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 4], BLM FOIA reported that it had commenced the search for records responsive to the FOIA request but the search was not yet complete.

5.    In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 5], BLM FOIA indicated that at that time, BLM could not provide an estimate of the number of anticipated potentially responsive records or pages that would need to be processed.

6.    In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 6], BLM FOIA agreed that its Counsel would notify Counsel for Plaintiff of the total number of anticipated potentially responsive records by the date of filing of the February 14, 2020 joint status report.

7.    In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 7], BLM FOIA agreed that, after the search results are retrieved, BLM will process at least 500 pages of potentially responsive records per month.

8.    In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 9], BLM FOIA anticipated being able to make its first production of responsive, non-exempt portions of records on February 7, 2020.

9.    BLM FOIA did not make its first production of responsive, non-exempt portions of records on February 7, 2020. In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 10]. BLM FOIA agreed to make rolling productions of nonexempt portions of responsive records after February 7th on or before the 7th day of each month or, if the 7th day falls on a weekend or holiday, the next business day. However, BLM was not able to

make a production on this date, because BLM FOIA has not yet received potentially responsive records for processing.

10. In the February 14, 2020 joint status report [ECF No. 12 at ¶ 10], BLM anticipated being able to make its first production of records by March 9, 2020.

11. BLM did not make its first production of records by March 9, 2020.

12. As of the March 20, 2020 joint status report [ECF No. 14 at ¶ 13] BLM had been unable to make any productions in this case because BLM FOIA was still waiting on the relevant custodians to complete their search(es) for records and return them to BLM for processing. BLM stated that it was working diligently to locate records from custodians and would update Plaintiff once it received records from the custodians.

13. In the March 20, 2020 joint status report, [ECF No. 14 at ¶ 14] BLM agreed to provide, at minimum, the anticipated number of potentially responsive records by or before the deadline for the next joint status report on May 1, 2020.

14. On April 27, 2020, Counsel for BLM notified Counsel for Plaintiff that there are roughly 5,400 pages of potentially responsive documents, according to BLM, and that Agency counsel is currently conducting a legal review of the first interim production and expects to send the first production within approximately one week (from April 27, 2020).

15. BLM did not send the first production within one week of April 27, 2020.

16. As of Friday, May 29, 2020, Plaintiff still had not received any production from BLM. Counsel for Plaintiff notified Counsel for BLM, and Counsel for BLM followed up with BLM to inquire about the status of production.

17. On Monday, June 1, 2020, Counsel for BLM notified Counsel for Plaintiff that BLM was finalizing review with a subject matter expert who was absent the previous week, and that BLM expected to make its first production the week of June 1, 2020.

18.     BLM did not make its first production the week of June 1, 2020.

19.     On Monday, June 8, 2020, Counsel for BLM notified Counsel for Plaintiff that BLM should be making its production shortly, and confirmed that BLM would be making its production via email.

20.     On June 15, 2020, BLM issued its first interim response and production of documents to Plaintiff. BLM reviewed roughly 500 pages of records and produced 289 pages of responsive documents, with 38 of those pages withheld in part.

21.     Plaintiff is currently reviewing that production.

22.     On June 18, 2020, BLM issued a letter to Plaintiff stating that BLM "completed review of 500 pages of potentially responsive records" and that all the pages are publicly available on BLM's ePlanning site. In this letter, BLM also estimated that approximately 2,000 pages of potentially responsive documents remain to be reviewed.

23.     On July 15, 2020, BLM issued its third interim response to Plaintiff, with roughly 522 pages of records produced, with 26 of those pages withheld in part.

***Updates Since July 15, 2020 Joint Status Report***

24.     The July 15, 2020 Joint Status Report stated that BLM would process approximately 500 additional pages of documents and issue another interim production to Plaintiff by August 7, 2020. [ECF No. 17 at ¶ 24].

25.     BLM did not issue another interim production to Plaintiff by August 7, 2020.

26.     On August 14, 2020, BLM issued its fourth interim response to Plaintiff. Counsel for Plaintiff has not yet been able to confirm Plaintiff's receipt of this fourth interim response.

27.     Plaintiff reserves the right to seek to amend the pace of production. Similarly, Defendant reserves the right to oppose any request to increase the pace of the review or the production of responsive, nonexempt records.

**STATUS OF OS REQUEST**

28.    In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 11], OS indicated that it

had completed its search for records and located approximately 2000 pages of potentially

responsive records.

29.    In the December 12, 2019 joint status report [ECF No. 11 at 2 ¶ 12], OS agreed to make

its first production of non-exempt portions of responsive records no later than December

31, 2019.

30.    In the December 12, 2019 joint status report [ECF No. 11 at 3 ¶ 13], OS agreed to make

its second production of non-exempt portions of responsive records on February 7, 2020,

and thereafter to make productions on the 7th day of the month or, if the 7th day falls on

a weekend or holiday, the next business day.

31.    OS did not make its first production of non-exempt portions of responsive records by

December 31, 2019.

32.    After an inquiry about the status of the missed December 31, 2019 document production

deadline, Counsel for OS notified Counsel for Plaintiff on January 16, 2020 that two

employees from the FOIA office unexpectedly left the office and this caused OS to be

unable to meet multiple production deadlines, including the December 31, 2019 document

production deadline in this case.  OS confirmed that it would meet the February 7 deadline

and that, by February 7, it would process at least 1000 pages.

33.     On February 3, 2020, Plaintiff received records constituting the OS February production.

These materials contained 1,418 pages, of which 1,417 were redacted in their entirety

under an assertion of FOIA Exception 5 (deliberative process privilege). OS also informed

Plaintiff that 514 pages of documents were being reviewed prior to release.

Counsel for Plaintiff has informed Counsel for OS that Plaintiff has concerns about the extensive redactions under an assertion of privilege in the February 3, 2020 document production, and is discussing such concerns with Counsel for OS now that OS has made its final production.

34.     OS reviewed the final 514 responsive pages and sent them to BLM for consultation. Once the BLM completed their consultation, OS made its final production of the non-exempt portion of the 514 remaining responsive pages to Plaintiff on March 9, 2020.

35.     In the March 20, 2020 joint status report, [ECF No. 14 at ¶ 24], OS agreed to provide a Vaughn index by or before the deadline for the next joint status report in May (this status report).

*36.*     On April 27, 2020, Counsel for OS provided Counsel for Plaintiff with a draft *Vaughn* index from OS. Plaintiff is currently reviewing the draft *Vaughn* index.

**PROPOSAL FOR NEXT STEPS**

37.     In light of BLM's continued delays and missed production deadlines, Plaintiff respectfully requests a status conference to try to resolve these issues and avoid summary judgment.

38.     Defendants submit that a status conference is not necessary at this time, as BLM made monthly productions to Plaintiff on June 15, 2020, July 15, 2020, and August 14, 2020, and will continue to make monthly productions.  Defendants respectfully suggest that the Court order the Parties to file joint status reports every 60 days, with the next status report due October 14, 2020.

Dated: August 14, 2020

By: /s/ John R. Mellgren
JOHN R. MELLGREN
D. D.C. Bar # OR 0002
Western Environmental Law Center
120 Shelton McMurphey Blvd., Ste 340
Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

By: /s/ Allyson A. Beasley
ALLYSON A. BEASLEY
NM Bar #152658
*Admitted Pro Hac Vice*
Western Environmental Law Center
208 Paseo del Pueblo Sur, Unit 602
Taos, New Mexico, 87571
Ph: (575) 224-6260
beasley@westernlaw.org

COUNSEL FOR PLAINTIFF

Respectfully submitted,

MICHAEL R.
SHERWIN
Acting United States
Attorney

DANIEL F. VANHORN
D.C. Bar No. 924092
Chief, Civil Division

By: /s/ William Chang
WILLIAM CHANG
D.C. Bar No. 1030057
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
William.chang2@usdoj.gov

COUNSEL FOR DEFENDANTS